# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED and ODETTE CAUSEY-BATCHELOR (H/W)** 1301 Akinburry Road Virginia Beach, VA 23456           Plaintiffs v. **TIFFANY BOSCO HEALEY** 75 Briarwood Road Naugatuck, CT 06770           Defendant | : : : : : : : : : : : : : | JURY TRIAL DEMANDED CIVIL ACTION No. 2:23-cv-2223 |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiffs Fred and Odette Causey-Batchelor (h/w) are adult individuals residing at the above-captioned address.

2. Defendant Tiffany Bosco Healey is an adult individual residing at the above-captioned address.

### BASIS FOR JURISDICTION and VENUE

3. Plaintiffs are domiciled in the Commonwealth of Virginia and Defendant is domiciled in the State of Connecticut.

4. The amount in controversy in this action exceeds $150,000.

5. As there is complete diversity and an amount in controversy in excess of $75,000, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332.

6. The subject incident giving rise to the claims asserted by Plaintiffs occurred within the judicial district of this Court – the Eastern District of Pennsylvania. As such, venue is proper under 28 U.S.C. § 1391(b)(2).

### FACTS

7. At all times relevant hereto, Defendant was operating a white/cream colored 2013 Mercedes Benz.

8. At all times relevant hereto, Plaintiff Fred Batchelor was lawfully operating his gray colored 2012 Toyota Camry XLS (License Plate: WUJ-7400).

9. On or around July 25, 2021, at approximately 9:00am, at or around 301 West Dekalb Pike, King of Prussia, PA 19406, Plaintiff Fred Batchelor was driving on Route 202 when suddenly and without warning, Defendant's vehicle rear-ended that of Plaintiff causing him to sustain severe injuries.

10. Full tort applies because, among other things, the Defendant's vehicle is registered and from Connecticut, and Plaintiff's injuries are serious and permanent.

**INJURIES**

11. As a direct and proximate result of this incident and Defendant's negligence, Plaintiff Fred Batchelor sustained severe and permanent injuries, including chronic pain syndrome, cervical and lumbar spondylosis, lumbosacral spondylosis, displacement of cervical and lumbar intervertebral discs, back pain and injury, neck pain and injury, radiculopathy, and the aggravation and/or exacerbation of arthropathy of the cervical spine facet joint.

12. As a result of the negligence and carelessness of Defendant, Plaintiff Fred Batchelor was caused to suffer serious and permanent personal injuries, severe pain, discomfort, loss of sleep, stress, distress, embarrassment, humiliation, emotional anguish, and suffering. Plaintiff is still receiving medical treatment and will require treatment and therapy into the future.

13. As a further result of the incident and Defendant's negligence, Plaintiff has, may and will in the future continue to suffer great pain and extreme agony, the loss of life's pleasures,

and has been and will in the future be hindered and prevented from attending to his usual daily duties and activities, as well as household chores.

14. As a further result of this incident and Defendant's negligence, Plaintiff has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse expenses for the severe injuries from which he has suffered, and he will be obliged to continue to make medical, hospital, surgical, and other expenditures for an indefinite time in the future, all to his great and continuing detriment and loss. Among other things, he underwent a radiofrequency ablation and cervical injection(s).

15. As a direct and sole result of this accident, Plaintiff has and will hereinafter incur other financial expenses, damages and/or losses, including but not limited to medical expenses and assistance with ADLs, as well as further non-economic losses, and will also continue to sustain medical bills, surgical costs, hospital charges for the remainder of his life, all to his great and continuing detriment and loss.

## COUNT I – NEGLIGENCE
## PLAINTIFF FRED BATCHELOR v. DEFENDANT TIFFANY BOSCO HEALEY

16. Plaintiff hereby incorporates by reference the allegations contained above as though the same were set forth at length herein.

17. The negligence of Defendant consisted, *inter alia*, of the following:

   (a) failing to have her vehicle under such control as to be able to stop;

   (b) failing to keep alert and maintain a proper watch for the conditions of the roadway;

   (c) failing to apply her brakes in sufficient time to avoid striking Plaintiff's vehicle;

   (d) failing to travel at a safe speed;

   (e) failing to yield the right-of-way to Plaintiff's vehicle;

(f) failing to keep a proper watch for the presence of other motor vehicles on the roadway;

(g) failing to see Plaintiff's vehicle

(h) failing to drive her vehicle with due regard for the roadway and traffic conditions which were existing and of which she was or should have been aware.

(i) failure to keep proper and adequate control over her vehicle;

(j) operating said vehicle at an excessive rate of speed under the circumstances;

(k) operating said vehicle at an excessive rate of speed in light of the weather and/or visibility conditions which were then and there existing;

(l) operating said vehicle at an excessive rate of speed in light of the size and weight of the vehicle;

(m) not watching or looking where said vehicle was being operating;

(n) failing to watch the road in front of said vehicle;

(o) failing to have said vehicle under proper control;

(p) failing to have said vehicle under proper control when approaching traffic ahead of said vehicle;

(q) operating said vehicle so as to be unable to stop within the assured clear distance ahead;

(r) failing to allow an adequate stopping distance in light of the size and weight of the vehicle;

(s) failing to exercise extreme caution in light of the weather and/or visibility conditions then and there existing;

(t) failing to discontinue operation of her vehicle in light of the hazardous conditions;

(u) failing to have the brakes and braking mechanism on said vehicle in proper working order and/or in failing to properly, promptly and adequately operate the brakes and braking mechanism of said vehicle;

(v) operating said vehicle in such a careless and negligent manner so as to cause or allow same to run into, strike, and collide with the Plaintiff's vehicle;

(w) failing to stop, turn aside said vehicle, or take other appropriate action so that the collision would be avoided;

(x) failing to respect the rights of the Plaintiff to the use of the roadway;

(y) operating said vehicle while experiencing fatigue or any other cause which impaired Defendant's ability to safely operate said vehicle;

(z) operating said vehicle while unfit to do so;

(aa) operating said vehicle in violation of the Pennsylvania Motor Vehicle Code including 75 Pa. C.S.A § 3361 (Assured clear distance/driving at a safe speed), 3362 (Maximum speed limits), 3310 (Following too closely), 3714 (Careless driving), 3736 (Reckless driving);

(bb) failing to operate Defendant's vehicle in such as manner as to maintain an assured clear distance ahead;

(cc) following traffic in front of her too closely;

(dd) operating the subject vehicle with insufficient tires and/or treads given the weather conditions then and there existing;

18. As a result of the negligence and carelessness of Defendant, Plaintiff Fred Batchelor suffered the injuries listed in paragraphs 11-15, above.

## COUNT II – LOSS OF CONSORTIUM
## PLAINTIFF ODETTE CAUSEY-BATCHELOR v. DEFENDANT TIFFANY BOSCO HEALEY

19. Plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if the same were set forth at length herein.

20. Plaintiff Odette Causey-Batchelor is the wife of Plaintiff Fred Batchelor.

21. As a direct and proximate result of the negligence of Defendant, Mrs. Causey-Batchelor has been deprived of the love, companionship, enjoyment of life and consortium of her husband for a great period of time and will be deprived of the same for an indefinite time in the future, all to her great detriment and loss for which she claims reimbursement.

**RELIEF SOUGHT**

22. Plaintiffs demand judgment against Defendant for compensatory damages and a sum in excess of Seventy-Five Thousand ($75,000) Dollars for injuries and damages listed in paragraphs 11-15 & 21, above, interest, and for all other relief which the Court deems appropriate.

                                                Respectfully submitted,

                                                **STROKOVSKY LLC**

Dated: June 9, 2023            By:    */s/ Jordan L. Strokovsky, Esq.*
                                                          JORDAN L. STROKOVSKY, ESQUIRE
                                                          MATTHEW R. MAGID, ESQUIRE
                                                          Attorney ID Nos. 318811/332292
                                                          1650 Market Street, Suite 3600
                                                          Philadelphia, PA 19103
                                                          P: (215) 317-6545
                                                          jordan@actionafterinjury.com
                                                          *Attorneys for Plaintiffs Fred Batchelor and Odette Causey-Batchelor*